FILED

03/08/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 12, 2017 Session

**BRIAN CASWELL MCGROWDER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2012-B-1817     Mark J. Fishburn, Judge**

_____

**No. M2017-00751-CCA-R3-PC**

_____

The Petitioner, Brian Caswell McGrowder, appeals from the dismissal of his petition for post-conviction relief as untimely. The Petitioner contends that due process concerns should toll the one-year statute of limitations to allow review of his underlying claims. Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L EASTER, JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Brian Caswell McGrowder.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Glenn Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Shortly after the seventeen-year old victim was evicted from her mother's home, she moved into the Petitioner's home, began a sexual relationship with him, and bore his child. State v. Brian Caswell McGrowder, No. M2013-01184-CCA-R3-CD, 2014 WL 4723100, at *1, 10 (Tenn. Crim. App. Sept. 23, 2014), perm. app. denied, (Tenn. Feb. 12, 2015). The Petitioner was the victim's training supervisor at work and de facto caretaker. Id. at *10. As a result of his behavior, on July 17, 2012, a Davidson County jury convicted the Petitioner of statutory rape by an authority figure and aggravated statutory rape, for which he received an effective sentence of three years in confinement. On May 5, 2014, the Petitioner was released from prison and reported to the Sex Offender Registry as required the next day. Trial counsel sent the Petitioner a letter, dated

February 13, 2015, which provided that the Tennessee Supreme Court's denial of the Petitioner's Rule 11 application ended the Petitioner's direct appeal. The letter stated, in pertinent part:

> You have the right to file a petition for post-conviction relief, but I cannot assist you in that on the basis of my appointment by the trial court because my appointment extends only to the direct appeal of your conviction. Thus, the Tennessee Supreme Court's denial of your application also marks the end of my representation of your [sic] for purposes of this case.

On May 17, 2016, the Petitioner received a deportation notice from the Department of Homeland Security informing him that his status had changed due to his state convictions. At some point in May 2016, the Petitioner was taken into custody by federal authorities on an immigration hold. On October 17, 2016, the Petitioner filed a pro se petition for post-conviction relief. Post-conviction counsel was appointed, and an amended petition was filed on February 9, 2017.[1]

A post-conviction hearing was conducted on April 5, 2017; however, the Petitioner was not present and no proof was offered in support of his petition. Post-conviction counsel advised the court that the federal government would not produce the Petitioner and waived his appearance for purposes of the hearing. Post-conviction counsel conceded that the petition for post-conviction relief was untimely filed by three months and argued that the statute of limitations should be tolled based on appellate counsel's failure to advise the Petitioner of the deadline for seeking post-conviction relief or that he could be appointed counsel if he sought post-conviction relief. Post-conviction counsel further maintained that the Petitioner relied on appellate counsel to advise him of any appellate issues and that the Petitioner should not be expected to know the difference between "an appeal, a direct appeal and a post-conviction federal habeas corpus" as referenced in appellate counsel's February 13, 2015 letter.

Relying on Whitehead v. State, the State argued that the petition was time-barred because the Petitioner failed to demonstrate that he had diligently pursued his rights for

---

[1] In his petition, the Petitioner argues that he received ineffective assistance of counsel based on trial counsel's failure to (1) sufficiently argue that the Petitioner did not have "parental or custodial authority" or a "position of trust" over the victim as required to sustain his convictions; (2) negotiate a settlement that would have benefitted the Petitioner with immigration enforcement after his convictions; (3) ask questions during jury selection; (4) object to the admission of hearsay through the victim; (5) make the appropriate arguments at the motion for judgment of acquittal; (6) object to the State's election of offenses at the time it was presented to the Court and jury; (7) advise the Petitioner not to testify at trial despite the fact that the defense theory was mistake of fact; and (8) object to the Court and State's amendments to the jury instructions.

- 2 -

post-conviction relief and that there were no extraordinary circumstances to justify due process tolling of the statute of limitations. 402 S.W.3d 615, 631 (Tenn. 2013) (citing Holland v. Florida, 560 U.S. 631, 648 (2010)). The State pointed out that appellate counsel's letter to the Petitioner informed him (1) that he had the right to file for post-conviction relief, (2) that counsel was only appointed for his direct appeal, and (3) to call counsel if the Petitioner had any questions. The State also argued that there was no caselaw requiring "an appellate attorney to go through . . . every relief available to any defendant about the post-conviction because they do not represent them on that issue." Post-conviction counsel responded that, while the "exact letter of the law [might have been] followed [by appellate counsel], [he did not] feel that the spirit was."

In its April 11, 2017 order denying relief, the post-conviction court noted that appellate counsel did not provide the Petitioner with information regarding the procedure or deadline involved in filing a post-conviction claim. Nevertheless, the post-conviction court determined that this did not "rise to the level of misrepresentation or incompetence such that due process require[d] the tolling of the statute." The Petitioner then filed the instant appeal.

## ANALYSIS

On appeal, the Petitioner concedes that his post-conviction petition was filed outside the statute of limitations. He argues that he is entitled to due process tolling of the statute of limitations based on appellate counsel's failure to specify the deadline for filing a post-conviction petition. In response, the State argues, and we agree, that the post-conviction court properly dismissed the Petitioner's claims as time-barred.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief "within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final." Id. § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one-year statute of limitations or that a prior petition attacking the conviction was resolved on the merits, the post-conviction court must summarily dismiss the petition. Id. § 40-30-106(b). "The question of whether the post-

conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." Bush v. State, 428 S.W.3d 1, 16 (Tenn. 2014) (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011)).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief: (1) claims based on a final ruling of an appellate court establishing a constitutional right not recognized as existing at the time of trial and given retroactive effect by the appellate courts; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent of the conviction offense; and (3) claims seeking relief from a sentence that was enhanced because of a previous conviction and the previous conviction was later held to be invalid. T.C.A. §§ 40-30-102(b)(1)-(3). The Petitioner does not argue nor does the record show that any of these exceptions apply to his case.

In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances, including situations where an attorney has abandoned the petitioner or actively lied to or misled the petitioner regarding the case. See Whitehead, 402 S.W.3d at 631. To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Id. The Tennessee Supreme Court emphasized that, "'[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations' . . . [which still] holds true today." Id. at 634 (quoting Smith, 357 S.W.3d at 358) (emphasis in original). Importantly, due process tolling "'must be reserved for those rare instances where—due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Bush, 428 S.W.3d at 22 (quoting Whitehead, 402 S.W.3d at 631-32).

Based on our review of the record, the Petitioner has failed to establish that he pursued his rights diligently and that some extraordinary circumstance prevented the timely filing of his post-conviction petition. Although we recognize that the Petitioner was in federal custody, post-conviction counsel waived his appearance and offered no proof at the post-conviction hearing. Obviously, this alone is grounds for dismissal of the petition. Nevertheless, the Petitioner's primary complaint is that appellate counsel failed to provide him with the deadline for filing his post-conviction petition and that the letter he received from appellate counsel "effectively dissuade[d] him from pursuing any other court action by leaving him with the impression that he had no further need to seek further appellate relief because it would be 'pointless' []." However, appellate counsel's failure to inform the Petitioner of the applicable statute of limitations, standing alone, is

- 4 -

not sufficient grounds to trigger due process tolling. Whitehead, 402 S.W.3d at 632. Whitehead mandates due process tolling based on the *combined effect* of trial counsel's failures, which include failing to timely inform the petitioner about his right to pursue post-conviction relief, misinforming the petitioner about the correct deadline to file a post-conviction petition, and retaining the petitioner's file despite the petitioner's multiple requests for the file. Id.; see also Michael Wayne Davis v. State, No. M2015-00976-CCA-R3-PC, 2016 WL 837361, at *4 (Tenn. Crim. App. Mar. 4, 2016), perm. app. denied, (June 23, 2016). Here, the Petitioner was informed of his right to seek post-conviction relief by a letter dated on the day after he exhausted his direct appeals in state court.

While this information may have been less than complete, nothing in this record suggests that appellate counsel misled the Petitioner or prevented the Petitioner from filing for post-conviction relief by withholding his casefile. Therefore, we are unable to conclude that counsel abandoned the Petitioner as contemplated by Whitehead, and the Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasoning and analysis, the Petitioner is not entitled to due process tolling of the statute of limitations, and the post-conviction court properly dismissed his petition as time-barred. We therefore affirm the judgment of the post-conviction court.

_____
CAMILLE R. MCMULLEN, JUDGE